An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BARRY LEVINSON, BAR NO. 6721

No. 64974

**FILED**

SEP 03 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER OF DISBARMENT BY CONSENT

The Southern Nevada Disciplinary Board and attorney Barry Levinson, Bar No. 6721, have filed a joint petition for Levinson's disbarment by consent pursuant to SCR 112. The petition acknowledges that Levinson pleaded guilty to three felony counts in the U.S. District Court, and in his plea memorandum, Levinson agreed to consent to disbarment. The petition is supported by Levinson's affidavit, in which he states that he consents to disbarment and does so freely and voluntarily; that he has not been subjected to any coercion or duress; that he is fully aware of the implications of his consent; and that he has had an opportunity to consult with counsel prior to consenting to disbarment. Levinson concedes that the material facts in the State Bar's petition for temporary suspension, the supplement to that petition, and the formal complaint are true.[1] *See* Docket No. 60530. He submits the affidavit with

---

[1]In the instant petition, Levinson concedes that he repeatedly and intentionally violated Rules of Professional Conduct 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.15 (safekeeping property), 3.4(c) (fairness to opposing party and counsel: knowingly disobeying an obligation under the rules of a tribunal), 8.1 (bar admission and disciplinary matters), and 8.4 (misconduct) in the course of misappropriating hundreds of thousands of dollars in client funds.

15-26808

full knowledge that if the State Bar were to prosecute his case, he could not successfully defend against the charges.

Pursuant to SCR 112(1), an attorney who is the subject of an investigation or proceeding involving allegations of misconduct may consent to disbarment by submitting the requisite affidavit. Levinson's affidavit meets the requirements of SCR 112(1). Therefore, the petition for disbarment by consent is granted. SCR 112(2). Barry Levinson is hereby disbarred. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1 regarding notice and publication.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                                      Douglas

_____, J.          _____, J.
Cherry                                             Saitta

_____, J.          _____, J.
Gibbons                                           Pickering

cc:   Bar Counsel
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
      E. Brent Bryson
      Barry Levinson
      Perry Thompson, Admissions Office, United States Supreme Court